AGGEN ROAD CITRUS GROVE, Appellant, v JOHN D. KOUSI et al., Respondents, et al., Counterclaim Defendants.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered December 27, 1990, which, insofar as appealed from, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff partnership seeks to recover defendants' alleged proportionate share of plaintiff's negative net worth pursuant to the terms of a partnership agreement. Defendants, former partners in plaintiff whose interests were allegedly terminated for failure to meet a capital call, assert that they received their partnership interests due to their status as key employees of a corporation, Fairfield International Corp., whose principals were their co-partners in plaintiff; that their initial capital contributions were advanced for them; that they were promised they would be protected from losses; that such promise was fulfilled until immediately after they left Fairfield International Corp.'s employ under hostile circumstances in the summer of 1987; that the underlying capital call of December 1987, material to this claim, was the first made by plaintiff's Executive Committee in plaintiff's eight-year history; and that the capital contributions made by the remaining partners in response to this capital call were refunded by plaintiff partnership after defendants' default, a fact which, they say, shows that the capital call was but part of a scheme to terminate their interest in plaintiff, the full scope of which can only be ascertained through disclosure.

In these circumstances, IAS court properly denied the drastic relief of summary judgment, defendants having raised issues of fact as to the *bona fides* of the capital call *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *see also, Meinhard v Salmon,* 249 NY 458). Further, defendants should have the opportunity to complete discovery of plaintiff (CPLR 3212 [f]). Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.